DLD-132                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1464
_____

IN RE: HERNAN NAVARRO,
                                        Petitioner
_____

On a Petition for Writ of Prohibition and/or Mandamus
from the District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 1-99-cr-00016-003)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 25, 2021

Before: JORDAN, KRAUSE, and PHIPPS, Circuit Judges

(Opinion filed: April 9, 2021)
_____

OPINION*
_____

PER CURIAM

Hernan Navarro, proceeding pro se, petitions for a writ of mandamus or, in the

alternative, a writ of prohibition, compelling the Clerk of the District Court of the Virgin

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Islands to provide him copies of documents from his criminal case.  We will deny

Navarro's petition.

Navarro was convicted of murder and other crimes in 1999.  The judgment was

affirmed on direct appeal.  United States v. Lopez, 271 F.3d 472 (3d Cir. 2001).  In 2011,

Navarro filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  The District

Court dismissed the motion as untimely, and we denied Navarro's request for a certificate

of appealability.  See C.A. No. 18-2832.  Thereafter, Navarro filed a motion pursuant to

Federal Rule of Civil Procedure 60(b) in the District Court, which is pending.

In his mandamus petition, Navarro states that four counts of his indictment were

dismissed, that he asked the District Court Clerk to provide him a copy of the order

dismissing these counts, and that he submitted a payment to cover the cost.  Navarro

provided correspondence he received from the Clerk's Office stating that, after a diligent

search of its records, the only document it found that referenced the dismissal of the

counts was the judgment.  The Clerk's Office sent Navarro a copy of the judgment and

returned the payment he had sent to the Court.  Navarro contends that a motion to dismiss

and the related order were not docketed, that he needs them to challenge his murder

conviction, and that we should compel the District Court Clerk to provide him the motion

to dismiss and the dismissal order.[1]

---

[1] Navarro petitions, in the alternative, for a writ of prohibition.  His petition is best
viewed as a mandamus petition, but the difference between the two writs does not affect
whether relief is due.  See In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990)
("Although a writ of mandamus may appear more appropriate when the request is for an

Mandamus is an extraordinary remedy that requires a petitioner to establish "both that there is (1) 'no other adequate means' to attain the relief sought, and (2) a right to the writ that is 'clear and indisputable[.]' . . . ." In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006) (quoting Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380-81 (2004) (citations and quotation marks omitted). Navarro has not shown that he satisfies these requirements.

To the extent the documents he seeks are related to his pending Rule 60(b) motion, he may raise any issues regarding the documents on appeal if his motion is unsuccessful. To the extent the documents are unrelated to that motion, Navarro has not shown a clear and indisputable right to a writ. The Clerk's Office's correspondence reflects that staff could not find the order he requested. In addition, it is not clear that there was a written motion and order. The judgment states that dismissal of the counts was granted on August 2, 1999, one of the days of Navarro's trial. To the extent Navarro might seek the trial transcript, the record reflects that a Magistrate Judge denied his request for the transcripts without prejudice to his receiving them once he pays the applicable fee, and that the Clerk's Office recently advised him of the cost of the transcripts.

Accordingly, we will deny Navarro's petition for a writ of mandamus or, in the alternative, a writ of prohibition.

order mandating action, and a writ of prohibition may be more accurate when the request is to prohibit action, modern courts have shown little concern for the technical and historic differences between the two writs.").